# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DAVID ALLEN NESBITT,**
    **Plaintiff,**

**vs.**                      **Case No: 5:05cv254/RS/MD**

**HOLMES COUNTY COMMISSIONERS, et al.,**
    **Defendants.**

## ORDER

      Plaintiff, proceeding *pro se*, commenced this action on December 6, 2005. (Docs. 1, 9). At that time he was not incarcerated. Accordingly, this court's service order merely required the defendants to respond to plaintiff's complaint, instead of directing them to file a special report which is typically required in the case of incarcerated plaintiffs. (Doc. 8). Sometime after the court's service order, plaintiff became incarcerated. (*See* doc. 11). The defendants filed answers, and the court allowed the case to proceed as a non-prisoner *pro se* case. An initial scheduling order was entered on November 13, 2006. (Doc. 36).

      Recent submissions of the parties indicate that they are having difficulty complying with the initial scheduling order due to plaintiff's incarceration. (*See* docs. 49-51). Therefore, it appears that the interests of justice would be served by the court processing this case as a prisoner case and requiring the defendants to file a special report.

      Accordingly, it is ordered:

      1. The court's initial scheduling order (doc. 36) is VACATED.

      2. The parties are advised that they need not comply with Local Rule 7.1(B) which requires that any motion filed by a party be accompanied by a statement certifying that the moving party has conferred with the opposing party in a good faith effort to resolve the issues raised in the motion. See N.D. Fla. Loc. R. 7.1(B).

     3. The defendants shall review the subject matter of plaintiff's amended complaint (doc. 6) in order to:

          a. Ascertain the facts and circumstances surrounding the complaint;

          b. Consider whether any action should be taken directly by prison officials to resolve the issues raised in the complaint; and

          c. Determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

     4. Within forty-five (45) days of the date of this order, the defendants shall respond to plaintiff's amended complaint by filing a special report with the court, and a copy thereof to plaintiff, containing the following:

          a. Sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint. (Authorization is hereby granted to interview all witnesses to the events of the complaint, including the plaintiff.).

          b. Copies of any written reports prepared as a result of investigation of the inmate's allegations.

          c. All defenses, including immunity defenses. If not listed, such defenses may be considered waived.

          d. Where relevant, copies of medical or psychological or disciplinary records.

          e. Where applicable, copies of relevant administrative rules, regulations or guidelines.

The defendants are advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to the above-mentioned items, the special report shall be in compliance with Local Rule 56.1, and shall include all Fed.R.Civ.P. 56 materials the defendants wish the court to consider.[1]

     5. No answer, motion to dismiss, motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court.

     6. Plaintiff shall not file a reply to defendants' special report until ordered to do so by the court.

---

[1] The special report must contain a short and concise statement of the material facts and shall not merely re-assert plaintiff's allegations.

*Case No: 5:05cv254/RS/MD*

7. Once a special report is filed, no amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, the plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

8. Plaintiff's motion to preserve evidence (doc. 43) is DENIED WITHOUT PREJUDICE.

9. Defendant Holmes County Commissioners' motion to strike or disallow plaintiff's motion to preserve evidence (doc. 45) is DENIED as moot.

**DONE AND ORDERED** this 3rd day of January, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**