IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DAVID ALLEN NESBITT,**
    Plaintiff,

vs.                                             Case No: 5:05cv254/RS/MD

**HOLMES COUNTY COMMISSIONERS, et al.,**
    Defendants.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing a Petition for Injunction. (Doc. 42).

Plaintiff is presently an inmate at River Junction Work Camp, a state penal facility. This civil rights action concerns the alleged violation of his constitutional rights in 2004 while detained in the Holmes County Jail. Specifically, plaintiff asserts that his First Amendment rights were violated when he was subjected to the preaching of evangelists who came into the Holmes County Jail. (Doc. 6). There are four defendants in this action: Dennis Lee, Sheriff of Holmes County; Benny J. Chesnut, former Administrator of the Holmes County Jail; Randall Moore, former Correctional Officer at the Holmes County Jail; and the Holmes County Commissioners. In plaintiff's present petition, he seeks the following relief:

> order [defendants] not t engage in any abuse of their authority, influence and position, or otherwise engage in clandestine activities, directly or indirectly, by or through their agents, or under color of law, that would cause interference with Petitioner's conditions of confinement within the Florida Department of Corrections for the duration of his incarceration therein, or for the duration of the prosecution of the above-captioned case, whichever period is greater.

(Doc. 42, p. 8). He also asks that defendants to be ordered not to engage in any activities that would interfere with his ability to proceed to trial int his case. (*Id.*). In support of his motion, plaintiff asserts that defendants committed various constitutional violations against him while he was confined at the Holmes County Jail; that "[i]t is not unreasonable to believe [defendants] have made and maintain contacts within the Florida Department of Corrections and other law enforcement agencies in the United States; and that he recently learned that one Ms. Jeeter, a Classification Officer at River Junction Work Camp, initiated an investigation into petitioner's criminal history for the purpose of re-classifying petitioner's custody level. (*Id.*, pp. 2-5). Petitioner believes this investigation could possibly result in his placement in administrative confinement, his transfer to another institution, the loss of gain time, restricted access to a law library, and/or others consequences. (*Id.*, pp. 5-7). He believes the investigation is the product of foul play on the part of the one or more defendants. (*Id.*, pp. 5-6).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

> 1. There is a substantial likelihood that plaintiff will prevail on the merits;
>
> 2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;
>
> 3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and
>
> 4. The granting of the preliminary injunction will not disturb the public interest.

*CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida*

Case No: 5:05cv254/RS/MD

*v. Callaway*, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See in re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

The court concludes that plaintiff has failed to provide sufficient facts in support of his allegations, and therefore has clearly not demonstrated that there exists a substantial threat of irreparable injury. Plaintiff's allegations of retaliation appear more conclusory and speculative in nature; in any event, the court cannot determine without greater factual evidence that plaintiff is likely to suffer substantial injury because of the actions of defendants. Further, some of the actions that plaintiff points to (for example, determining his classification status) are normally quite within the sphere of permissible activity on the part of the prison officials, and plaintiff offers nothing factual to support his claim that officials have been acting out of retaliation.[1]

---

[1] Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *Procunier v. Martinez*, 416 U.S. 396, 404-06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir. 1982). The very nature of lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (quoting, *Price v. Johnston*, 334 U.S. 266, 285 (1948)). As the Supreme Court stated in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):

**Because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.**

**Accordingly, it is respectfully RECOMMENDED:**

**1.  That plaintiff's petition for injunction (doc. 42) be DENIED.**

**2.  That defendant Holmes County Commissioners' motion to strike or disallow the petition for injunction due to procedural deficiencies (doc. 46) be DENIED AS MOOT.**

**At Pensacola, Florida, this 4th day of January, 2007.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

**[T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions.  Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.**

*Id.*, 441 U.S. at 547 (citations omitted).