**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DAVID ALLEN NESBITT,**
     **Plaintiff,**

vs.                                                    Case No: 5:05cv254/RS/MD

**HOLMES COUNTY COMMISSIONERS, et al.,**
     **Defendants.**

---

**ORDER and
AMENDED REPORT AND RECOMMENDATION**

On January 4, 2007 the undersigned issued a Report and Recommendation recommending that plaintiff's Petition for Injunction be denied. (*See* docs. 42 & 54). This Amended Report and Recommendation is submitted following plaintiff's filing of a Motion to Voluntarily Withdraw [that] Petition for Injunction (doc. 59) and the filing of an Amended Petition for Injunction (doc. 57). For the sake of clarity and judicial economy, the original Report and Recommendation shall be vacated and this Amended Report and Recommendation shall replace the former in full.

Plaintiff is presently an inmate at River Junction Work Camp, a state penal facility. This civil rights action concerns the alleged violation of his constitutional rights in 2004 while detained at the Holmes County Jail ("the Jail"). Specifically, plaintiff asserts that his First Amendment rights were violated when he was subjected to the preaching of evangelists who came into the Jail. (Doc. 6). There are four defendants in this action: Dennis Lee, Sheriff of Holmes County; Benny J. Chesnut, former Administrator of the Jail; Randall Moore, former Correctional Officer at the Jail; and the Holmes County Commissioners. In plaintiff's amended petition for injunction, he seeks the following relief:

> order [defendants] not to engage in any abuse of their authority, influence and position, or otherwise engage in clandestine activities, directly or indirectly, by or through their agents, or under color of law, that would cause interference with Petitioner's conditions of confinement within the Florida Department of Corrections for the duration of his incarceration therein, or for the duration of the prosecution of the above-captioned case, whichever period is greater.

(Doc. 57 ¶24). Plaintiff also asks that defendants be prohibited from engaging in any activities that would interfere with his ability to proceed to trial in this case. (*Id.*, ¶25). In support of his amended petition, plaintiff asserts that defendants committed various constitutional violations against him while he was confined at the Jail; that "[i]t is not unreasonable to believe [defendants] have made and maintain contacts within the Florida Department of Corrections and other law enforcement agencies in the United States;" and that plaintiff recently learned that one Ms. Jeeter, a Classification Officer at River Junction Work Camp, initiated an investigation into his criminal history for the purpose of re-classifying his custody level. (*Id.*, pp. 2-6). Plaintiff believes the investigation is the product of foul play on the part of the one or more defendants. (*Id.*, pp. 5-6). He further believes that the investigation could possibly result in his placement in administrative confinement, his transfer to another institution, the loss of gain time, restricted access to a law library, and other consequences. (*Id.*, pp. 6-7).

    Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)); *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1. There is a substantial likelihood that plaintiff will prevail on the merits;

    2. There exists a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    3. The threatened injury to plaintiff outweighs the threatened harm injunction will do to the defendant; and

**4.  The granting of the preliminary injunction will not disturb the public interest.**

*CBS Broadcasting, Inc. v. Echostar Communications Corp.,* 265 F.3d 1193, 1200 (11th Cir. 2001); *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000); *Johnson v. United States Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984); *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537; *United States v. State of Alabama*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1287, 94 L.Ed.2d 144 (1987).  This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint.  *Devose,* 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

The court concludes that plaintiff has failed to provide sufficient facts in support of his allegations, and therefore clearly has not demonstrated that there exists a substantial threat of irreparable injury.  Plaintiff's allegations of retaliation are conclusory and speculative in nature.  The action with which he takes most issue, the re-evaluation of his classification status, is one taken by a non-party with no demonstrated connection to the named defendants.  Moreover, the determination of a prisoner's classification status is an action normally quite within the sphere of permissible activity on the part of prison officials, and plaintiff offers nothing factual to support his claim that the non-party official has been acting out of retaliation on

account of this lawsuit.[1]  In any event, the court cannot determine without greater factual evidence that plaintiff is likely to suffer substantial injury due to the actions of the named defendants if the requested injunctive relief is not granted.

Because plaintiff has failed to meet the prerequisites for injunctive relief, his request should be denied.

Accordingly, it is ORDERED:

1.  Plaintiff's Motion to Voluntarily Withdraw Petition for Injunction (doc. 59) is GRANTED.

2.  Defendant Holmes County Commissioners' motion to strike or disallow the initial petition for injunction due to procedural deficiencies (doc. 46) is DENIED AS MOOT.

3.  The original Report and Recommendation (doc. 54) is vacated, and this Amended Report and Recommendation replaces the former in full.

And it is respectfully RECOMMENDED:

That plaintiff's <u>Amended</u> Petition for Injunction (doc. 57) be DENIED.

At Pensacola, Florida, this 17th day of January, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *Procunier v. Martinez*, 416 U.S. 396, 404-06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir. 1982). The very nature of lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974) (quoting, *Price v. Johnston*, 334 U.S. 266, 285 (1948)).  As the Supreme Court stated in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979):

> [T]he problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions.  Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Id.*, 441 U.S. at 547 (citations omitted).

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:05cv254/RS/MD*