**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DAVID ALLEN NESBITT,**
        Plaintiff,

vs.                                            Case No: 5:05cv254/RS/MD

**HOLMES COUNTY COMMISSIONERS, et al.,**
        Defendants.

___

**ORDER**

This cause is before the court upon plaintiff filing a motion to disqualify Magistrate Judge Davis and District Judge Smoak. (Doc. 74). This order pertains only to the request for disqualification of the undersigned.

Title 28 U.S.C. § 455(a) requires a magistrate judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard under § 455 is objective and requires the court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation omitted). There is as much obligation for a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when there is. *In re United States,* 441 F.3d 44 (1st Cir. 2006); *United States v. Avilez-Reyes*,160 F.3d 258 (5th Cir. 1998) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2nd Cir. 1988)).

In the instant case, the grounds plaintiff proffers for disqualification are: (1) that the undersigned vacated its initial scheduling order and ordered that this case proceed as a pro se prisoner case when it was learned that plaintiff had become incarcerated; (2) that the undersigned did not sanction defendants for their failure to file a special report as directed by the court's January 3, 2007 order (doc. 53) even though the case had been

closed; and (3) that after this file was closed in error and then re-opened, the undersigned set a new deadline for defendants to comply with the January 3, 2007 order, thereby providing defendants with an "unsolicited enlargement of time."  Plaintiff construes the foregoing as the undersigned "voluntarily giv[ing] excessive enlargements of time to defendants to comply with the Court's orders and to report."  (Doc. 74, pp. 2-3).

Bias sufficient to disqualify a judge must be personal rather than judicial unless the judicial conduct "reveal[s] an antipathy . . . intense enough to make fair judgment impossible."  *Onishea v. Hopper*, 126 F.3d 1323, 1340, (11th Cir. 1997), *vacated on other grounds*, 133 F.3d 1377 (11th Cir. 1998); *see also First Alabama Bank of Montgomery v. Parsons Steele*, 825 F.2d 1475 (11th Cir. 1987), *cert. denied, McGregor v. First Alabama Bank of Montgomery*, 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988); *United States v. Meester*, 762 F.2d 867, 884-85 (11th Cir. 1985).  The judicial conduct on which plaintiff's motion is based reveals no bias, much less antipathy for plaintiff.  Plaintiff has grossly misinterpreted the basis of the undersigned's actions.  This case has been managed no differently than other pro se civil cases, with the exception that the court has been required to address the unusual circumstances of plaintiff becoming incarcerated during the pendency of the case and of this case being erroneously closed.

Accordingly, it is ORDERED:

1. Plaintiff's motion to disqualify (doc. 74) is DENIED AS TO MAGISTRATE JUDGE DAVIS.

2.  The clerk shall refer this motion to District Judge Smoak for a ruling on plaintiff's request for his disqualification.

DONE AND ORDERED this 13th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:05cv254/RS/MD