IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DAVID ALLEN NESBITT,**
    **Plaintiff,**

vs.                                              Case No: 5:05cv254/RS/MD

**HOLMES COUNTY COMMISSIONERS, et al.,**
    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a document titled "Voluntary Dismissal," (doc. 92), which the court construes as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure (doc. 93).[1]  Although plaintiff did not specify whether he seeks dismissal with or without prejudice, the court assumes he seeks dismissal without prejudice.  Defendants have responded to the motion, stating that they have no objection to dismissal; however, they request that it be with prejudice (docs. 94, 95).  For the reasons that follow, the undersigned finds that dismissal without prejudice, with conditions, is appropriate.

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  FED. R. CIV. P. 41(a)(2).  Unless otherwise specified, a dismissal under Rule 41(a)(2) is without prejudice.  *Id.*  "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"  *Pontenberg*

---

[1] Prior to filing special reports, defendants served answers to plaintiff's amended complaint.  (*See* docs. 15, 16, 35, 41).  Therefore, in the absence of a stipulation of dismissal signed by all parties, this action may not be dismissed except upon order of the court.  Fed.R.Civ.P. 41(a).

*v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)).

Plaintiff seeks dismissal on the following grounds: (1) it has become difficult to prosecute this action due to his frequent transfers within the Florida Department of Corrections and inability to access a law library; (2) he believes the judicial officers assigned to this case are biased against him; and (3) he fears for his life within the DOC and for his daughter's "health, well-being and employment in Holmes County, Florida." (Doc. 92). Plaintiff's request for dismissal comes after defendants have filed answers to the complaint, as well as detailed special reports in the nature of summary judgment motions. On May 4, 2007 this court entered an order requiring plaintiff to respond to the special reports and to file any evidence in support of his response (doc. 84). Plaintiff did not comply or otherwise respond to the order. Instead, he filed this motion to dismiss which, although dated June 20, 2007, was not received by this court until July 16, 2007.

Defendants Lee, Chesnut and Moore state no reasons for requesting dismissal with prejudice (doc. 95). Defendant Holmes County Commissioners argues that dismissal with prejudice is warranted because: (1) this case has been on-going since December of 2005 and "has placed a considerable burden on this Defendant, both in terms of financial and human resources;" (2) plaintiff has not denied defendant Holmes County's contentions that it has no knowledge of the incidents giving rise to plaintiff's complaint[2] and that it has no control over the day-to-day operations of the Jail which is under the operational control of the elected Sheriff of Holmes County; (3) plaintiff did not comply with this court's order requiring him to respond to defendants' special reports; and (4) plaintiff could use a dismissal

---

[2] Plaintiff's amended complaint (doc. 6) asserts that while plaintiff was confined at the Holmes County Jail, his First Amendment rights were violated when defendants allowed evangelists to roam freely and unchecked throughout the Jail preaching their religious beliefs, and when they forced inmates "to endure the religious fanaticism" even after they retreated to their cells.

*Case No: 5:05cv254/RS/MD*

without prejudice "to take a few months off and then refile his claims with this or another court," (doc. 94, pp. 3-4).

Although the court deems plaintiff's explanation for his need to take dismissal inadequate, it finds that there has been no excessive delay or lack of diligence on plaintiff's part in prosecuting this action or in filing his motion to dismiss. Furthermore, Rule 41(d) adequately addresses defendant Holmes County's concern about the expense of a second litigation.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion for voluntary dismissal (doc. 92) be GRANTED.

2.  That this cause be DISMISSED WITHOUT PREJUDICE on the condition that if plaintiff commences an action based upon or including the same claim against any of the named defendants in this case, plaintiff shall pay to that defendant all of its taxable costs incurred in this action.

3.  That the clerk be direct to close this file.

At Pensacola, Florida, this 20th day of July, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:05cv254/RS/MD*